HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
KIMON MANOLIUS - 154971
JOHN T. CU - 207402
ISABEL CHOI - 221441
333 Market Street, 21st Floor
San Francisco, CA 94105-2173
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendant REYNALDO VARGAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND NARIO,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHIEF OF POLICE PRENTICE E. SANDERS, ACTING AND ASSISTANT CHIEF OF POLICE ALEX FAGAN, SR., OFFICER REYNALDO VARGAS (#979), AND DOES 1-40,<br><br>    Defendants. | No. C 05 1394 JSW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

### RECITALS

IT IS HEREBY STIPULATED by and between the plaintiff and the defendants, by and through their respective attorneys of record, that:

1. This lawsuit arises out of plaintiff Raymond Nario's alleged interaction with Officer Reynaldo Vargas of the San Francisco Police Department in San Francisco on October 20, 2002; and,

2. Plaintiff Raymond Nario alleges that Officer Vargas unreasonably subjected plaintiff to an unlawful search, detained plaintiff without cause for an unreasonable period of time, handcuffed and subjected plaintiff to an arrest-like confinement without cause,

- 1 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER                                    1192135.1

used excessive force with malice against plaintiff, failed to issue a certificate of release to plaintiff, and failed to report the (a) detention, (b) search, and (c) use of force. All of these things violated minimal constitutional standards and all violated the ostensible, written policies of the SFPD.

3. Plaintiff also claimed that the other individual defendants in this action, Prentice Sanders and Alex Fagan as San Francisco Police Department supervisors, are responsible for what occurred on October 20, 2002. These two individual defendants have since been dismissed voluntarily by Plaintiff.

4. Plaintiff brings both federal and state causes of action against defendants City and County of San Francisco, and Officer Reynaldo Vargas. Specifically, plaintiff proceeds under 42 U.S.C. § 1983 for violation of his First, Fourth, Fifth and Fourteenth Amendment rights, and under state law for violations of the California Constitution as well as California Civil Code §§ 51.7 and 52, intentional infliction of emotional distress and assault and battery.

5. Plaintiff has requested that defendants produce all prior complaints and records from the investigative files of the Office of Consumer Complaints ("OCC"), pertaining to defendant Reynaldo Vargas (collectively referred to as "OCC records").

6. Plaintiff has requested documents that may contain state or local summary criminal history information of third parties ("Criminal History Information"), which is confidential information and must be kept confidential to protect the rights and privacy of those third parties; and,

7. Some or all records requested by plaintiff are protected from disclosure by various sections of California law, including but not limited to Cal. Evidence Code §§ 1040 and 1043 et seq., Cal. Penal Code §§ 832.5, 832.7, and 832.8, as well as by Cal. Constitution Art. I, § 1; and,

8. Some or all of the records requested by plaintiff Nario qualify for some level of protection under federal law whereby the Court balances a plaintiff's need for the documents against the interests of those who desire to keep the records confidential. *See e.g., Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D.Cal. 1987); *Soto v. City of Concord*, 162 F.R.D.

603 (N.D.Cal. 1995).

## STIPULATION

Plaintiff and Defendants hereby agree as follows and join in requesting that the Court order the following:

1. Any OCC record produced or disclosed by defendants and the information contained in the records shall be kept confidential and be used solely for the pending litigation; and,

2. Plaintiff's counsel of record shall be responsible for ensuring compliance with the terms of this Stipulation and Protective Order; and

3. The OCC records shall not be disclosed by plaintiffs or their agents to anyone except to the following Qualified Persons:

    a. counsel to parties in this lawsuit and their agents/servants/employees;

    b. experts retained by counsel in this lawsuit;

    c. the parties in this lawsuit; and

    d. the Court, Court personnel, Court reporters, and the jury for this lawsuit, and,

4. All Qualified Persons, except for those listed in subsection 3(d) above, must be informed of the terms of the stipulation and order, and must agree to be bound thereby prior to disclosure; and,

5. When producing any OCC record, the defendants will label and mark them "Confidential." If defendants inadvertently fail to mark any OCC records as "Confidential," defendant may provide substitute copies properly marked. Within 5 days of receipt of substitute copies, the receiving party shall, at the defendant's option, destroy the unmarked copies or make the unmarked copies available for defendants' retrieval at defendants' expense.

6. Defendants shall redact any Criminal History Information concerning third parties before producing records under this Stipulation and Protective Order. If defendants inadvertently fail to redact any Criminal History Information and plaintiff's counsel becomes

aware of this failure, plaintiff' counsel shall inform defendants' counsel as soon as possible and arrange to return the materials that were inadvertently disclosed. If defendants' counsel first become aware of an inadvertent disclosure of Criminal History Information, defendants' counsel shall notify plaintiff's counsel as soon as possible. Plaintiff's counsel shall then return the inadvertently disclosed materials.

7. No copies of the OCC records, or those portions of documents containing personnel information pertaining to defendant Reynaldo Vargas, shall be made by plaintiff except when necessary for court filings, service of filings, deposition exhibits, alternate dispute resolution, and trial exhibit binders.

8. No OCC record may be filed by plaintiff except under seal, in accordance with the Civil Local Rules, pertaining to filing documents under seal.

    a. On final disposition of this case, plaintiff's counsel shall within 30 days of the conclusion of this action (whether by settlement, final judgment or dismissal, including the exhaustion of all appeals), without request or further order of this Court, return all OCC records to the deputy city attorney of record in this matter, or provide a declaration under penalty if perjury stating that all OCC records produced under this protective order, and any and all copies of that information made in any media, have been destroyed in such a way as they cannot be read or recreated.

    b. Any confidential information (such as information from OCC records) that remains in possession of plaintiff's counsel because it has been incorporated into work product shall not be disclosed to any other persons following the conclusion of this action, except upon a written permission of the producing party, or by Court order following a noticed motion; and,

    c. The terms of this Protective Order shall apply to any OCC record produced thus far in this litigation, produced after the execution of this Stipulation, but prior to the entry of this Protective Order by the Court, and any other disclosures made after entry of this Stipulation and Protective Order by the Court; and,

9. This Stipulation and Protective Order addresses only those measures and

1 procedures for handling confidential documents during this litigation before trial, and does not
2 address the admissibility of any document produced pursuant to this Stipulation and Protective
3 Order on any motion or at trial. The Court will make its own determination as to the admissibility
4 of any document produced under this Stipulation and Protective Order when the need for that
5 determination arises.
6       10.    This Stipulation and Protective Order may be modified at any time by
7 written agreement of the parties and order by the Court, or by the Court on a noticed motion by
8 one or more of the parties. Any OCC record shall be treated as confidential pursuant to this
9 Stipulation and Protective Order unless and until the Court enters an order changing the
10 designation of any document produced.
11       11.    The Court shall retain jurisdiction to enforce the terms of this Stipulation
12 and Protective Order after the conclusion of this action.

IT IS SO STIPULATED:

Dated: 6/7/05

By: _____
Blake P Loebs
Attorney for Defendants CITY AND
COUNTY OF SAN FRANCISCO,
PRENTICE E. SANDERS and ALEX
FAGAN

Dated: [signature]

By: _____
Kim Manolius
Attorney for Defendant REYNALDO
VARGAS

Dated: 9 June 2005

By: _____
Russell A. Robinson
Attorney for Plaintiff RAYMOND NARIO

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: _____

_____
United States District Court Judge

- 5 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER       1192135.1

address the admissibility of any document produced pursuant to this Stipulation and Protective Order on any motion or at trial. The Court will make its own determination as to the admissibility of any document produced under this Stipulation and Protective Order when the need for that determination arises.

10. This Stipulation and Protective Order may be modified at any time by written agreement of the parties and order by the Court, or by the Court on a noticed motion by one or more of the parties. Any OCC record shall be treated as confidential pursuant to this Stipulation and Protective Order unless and until the Court enters an order changing the designation of any document produced.

11. The Court shall retain jurisdiction to enforce the terms of this Stipulation and Protective Order after the conclusion of this action.

IT IS SO STIPULATED:

Dated: _____  By: _____
Blake P Loebs
Attorney for Defendants CITY AND COUNTY OF SAN FRANCISCO, PRENTICE E. SANDERS and ALEX FAGAN

Dated: June 4, 2005  By: _____
Kim Manolius
Attorney for Defendant REYNALDO VARGAS

Dated: _____  By: _____
Russell A. Robinson
Attorney for Plaintiff RAYMOND NARIO

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: June 23, 2005  /s/ Jeffrey S. White
United States District Court Judge

- 5 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1192135.1